# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-871V
February 5, 2015
Not to be Published

```
*****************************************
JACK BACKES,                             *
                                         *
       Petitioner,                       *  Influenza (flu) vaccine; rash; no proof
                                         *  alleged reaction lasted more than
   v.                                    *  six months; petitioner's motion
                                         *  to dismiss granted
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
       Respondent.                       *
*****************************************
```

Brian L. Burchett, San Diego, CA, for petitioner.
Camille M. Collett, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On September 18, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that an influenza ("flu") vaccine administered on November 27, 2012, caused him to suffer from a rash four to five days later.

On October 23, 2014, the undersigned held the initial telephonic status conference with counsel. During the conference, petitioner's attorney recognized there was an issue whether

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

petitioner's alleged vaccine reaction of a rash lasted more than six months.  Petitioner's alleged reaction would have had to last beyond June 2, 2013, to satisfy the statutory requirement of more than six months of sequelae.  42 U.S.C. § 300aa-11(c)(1)(D)(i).

On November 19, 2014, the undersigned held another telephonic status conference with counsel.  Petitioner's counsel said he had been trying to speak with petitioner's doctor, Dr. James Michelson, about the duration of petitioner's rash, without success.

On December 18, 2014, the undersigned held another telephonic status conference with counsel.  Petitioner's counsel still had not succeeded in speaking with Dr. Michelson about the duration of petitioner's rash, but petitioner said Dr. Michelson was writing a letter.

On February 5, 2015, the undersigned held another telephonic status conference with counsel.  Petitioner's counsel said Dr. Michelson had contacted him but could not support the claim that petitioner's rash lasted more than six months.  Petitioner's counsel made an oral motion to dismiss this case.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case for failure to prove his alleged vaccine reaction lasted more than six months.  42 U.S.C. §§ 300aa-11(c)(1)(D)(i); 300aa-13(a)(1)(A).

## FACTS

Petitioner was born on October 4, 1939.

Petitioner has a history of rashes dating before the flu vaccination at issue.  On October 23, 2012, Dr. James Michelson, petitioner's personal care physician, noted that petitioner had a rash along the edge of his knee braces.  Med. recs. Ex. 2, at 283.  Petitioner had used these braces for years, but this was his first rash.  Id.  Petitioner could not recall any trigger for the rash except doxycycline around the time of the onset of the rash.  Id.  It did not itch.  Id.  Dr. Michelson diagnosed petitioner with a rash that appeared to be contact dermatitis.  Id.

On November 27, 2012, petitioner received flu vaccine.  Ex. 1, at 1.

On December 24, 2012, petitioner saw Dr. Michelson, complaining of a rash that began four to five days after he received flu vaccine.  Med. recs. Ex. 2, at 275.  He had itching on his back and buttock and had scratched the area.  Id.  The rash was resolving, but one lesion on the right buttock was enlarged.  Id.  Dr. Michelson questioned whether petitioner had skin lesions and whether his skin problem was due to an allergy or xerosis (abnormally dry skin).  Id.  Petitioner's symptoms had nearly resolved.  Id.  Dr. Michelson noted in a record, dated December 22, 2012, that petitioner had a history of infected cysts and reported developing a new cyst in the buttock area.  Id.

On January 26, 2013, petitioner saw Dr. Michelson. Id. at 269. Petitioner had the onset of hives and rash one to two months earlier on his chest, abdomen, left shoulder, and buttocks. Id. He said they started soon after the flu shot. Id. The diagnosis was allergic dermatitis. Id.

The remainder of petitioner's medical records do not refer to a rash.

Dr. Michelson wrote an affidavit, dated September 5, 2014, stating that petitioner's rash was due to his flu vaccination, but Dr. Michelson did not state how long the rash lasted. Ex. 3, at 1.

**DISCUSSION**

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for flu vaccination, he would not have had a rash, but also that the vaccine was a substantial factor in causing his rash. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

In addition, the Vaccine Act requires that the vaccine reaction or its sequelae last more than six months. It requires that petitioner submit evidence that the person who suffered a vaccine injury "suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine." 42 U.S.C. § 300aa-11(c)(1)(D)(i). Petitioner admits that he cannot prove the rash or its sequelae lasted more than six months.

3

The Vaccine Act does not permit the undersigned to rule for petitioner based on his claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Dr. Michelson's letter does not substantiate that petitioner's alleged vaccine reaction lasted more than six months. Thus, petitioner has not made a prima facie case of causation.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case for petitioner's failure to prove by a preponderance of the evidence the matters required in the petition by § 300aa-11(c)(1), i.e., that his alleged vaccine reaction lasted more than six months. 42 U.S.C. § 300aa-13(a)(1)(A).

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

February 5, 2015                                              /s/ Laura D. Millman
DATE                                                             Laura D. Millman
                                                                     Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.